IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFFREY EUGENE MCMAHON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:08-0624 |
| v. | ) Judge Nixon |
| | ) Magistrate Judge Bryant |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Plaintiff Jeffrey Eugene McMahon's Motion for Judgment on the Administrative Record ("Plaintiff's Motion") (Doc. No. 18). Defendant has also filed a Motion for Judgment on the Pleadings, arguing that the decision of the Administrative Law Judge ("ALJ") was supported by substantial evidence and should be affirmed (Doc. No. 22). Magistrate Judge Bryant has issued a Report and Recommendation ("Report") that Plaintiff's Motion be denied, that Defendant's motion be granted, and that the decision of the ALJ be affirmed (Doc. No. 24). Plaintiff filed timely objections (Doc. No. 26). Upon review of the Magistrate Judge's Report and the reasons discussed herein, the Court **ADOPTS** the Report in its entirety, **DENIES** Plaintiff's Motion, and **GRANTS** Defendant's Motion.

I. BACKGROUND

    A.   *Procedural Background*

Jeffrey Eugene McMahon ("Plaintiff") first filed an application for disability insurance

-1-

benefits with the Social Security Administration ("SSA") on October 21, 2004. (Tr. 51-53.) Plaintiff alleged disability due to congestive heart failure, diabetes, knee pain, and obesity. (Tr. 62.) The SSA denied Plaintiff's initial claim on February 4, 2005 (Tr. 38) and upon reconsideration on April 25, 2005 (Tr. 43). Plaintiff filed a request for a hearing on August 3, 2005. (Tr. 31.)

An Administrative Law Judge ("ALJ") provided Plaintiff a de novo hearing of his case on March 28, 2007. (Tr. 430.) After considering testimony from Plaintiff, Plaintiff's non-lawyer representative, and a Vocational Expert, the ALJ found Plaintiff was not disabled in a decision dated May 11, 2007. (Tr. 14-24.) Plaintiff filed a request for review of the hearing decision on June 5, 2007. (Tr. 9.) On April 17, 2008, the Appeals Council entered an order denying the request for review, thereby rendering the ALJ's decision final. (Tr. 4-7.)

On June 24, 2008, Plaintiff filed this action to obtain judicial review of the ALJ's final decision. (Doc. No. 1.) The Court has jurisdiction under 42 U.S.C. § 405(g). On July 21, 2009, Magistrate Judge Bryant recommended the ALJ's decision be affirmed and the Plaintiff's Motion be denied. (Doc. No. 24.) Plaintiff asserts four (4) objections to the Magistrate Judge's findings. (Doc. No. 26.) Specifically, Plaintiff contends that: (1) the ALJ improperly rejected the opinion of Dr. Davis and failed to properly weigh the evidence; (2) the decision does not provide an adequate rationale for the rejection of the restrictions assessed by Dr. Davis; (3) the assumptions which the ALJ asked the Vocational Expert to consider did not accurately summarize the assessment by Dr. Davis, and the decision inaccurately suggests the Vocational Expert cited jobs which are consistent with the restrictions assessed by Dr. Davis; and (4) the ALJ improperly rejected Plaintiff's credibility without good reason, and the decision to deny benefits is not

-2-

Case 3:08-cv-00624  Document 28  Filed 05/26/10  Page 2 of 9 PageID #: 118

supported by substantial evidence. (Id.) The Court discusses the merits of Plaintiff's objections in turn.

   B.   *Factual Background*

The Court adopts the background section of the Magistrate's Report. (Doc. No. 24, at 4-8.)

## II.   STANDARD OF REVIEW

The Court's review of the portions of the Magistrate's Report to which Plaintiff objects is de novo. 28 U.S.C. § 636(b) (2009). However, this review is limited to a determination of whether substantial evidence exists in the record to support the Commissioner of Social Security's decision and whether the correct legal standards were applied. Elam ex rel. Golay v. Comm'r of Soc. Sec., 348 F.3d 124, 125 (6th Cir. 2003). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g) (2010).

"Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quoting Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994)). Even if the evidence would support a different conclusion or the reviewing court could resolve factual issues differently, the decision must stand if substantial evidence supports the conclusion reached. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)).

### III. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

   *A.   Plaintiff maintains that the ALJ improperly rejected the opinion of Dr. Davis and failed to properly weigh the evidence.*

Plaintiff argues that the ALJ rejected the assessment of Dr. Davis by failing to adopt the restrictions he detailed. (Doc. No. 19, at 9.) This claim is without merit.

Dr. Davis found that Plaintiff could: 1) occasionally and frequently[1] lift/carry ten pounds; 2) could stand/walk less than four hours in an eight-hour workday; 3) could stand for less than one hour uninterrupted; 4) could sit for about six hours in an eight-hour workday; 5) could occasionally climb, balance, kneel, crouch or stoop; and 6) could never crawl. (Tr. 158-59.)

Plaintiff cites Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004), which discusses the importance of an agency following its own procedural regulations which require it to provide "good reasons for not giving weight to a treating physician." (Doc. No. 19, at 10.) As an initial matter, Dr. Davis provided no ongoing treatment to Plaintiff, and is thus properly classified a consulting physician. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Therefore, his opinion is not entitled to the same level of deference due to a treating physician. Id. (citing Atterberry v. Secretary of Health & Human Servs., 871 F.2d 567, 572 (6th Cir.1989)). Nevertheless, the ALJ clearly accepted Dr. Davis's opinions, going so far as to expressly—and accurately—adopt them in his written decision:

> Dr. Davis . . . opined that the claimant can occasionally and frequently lift/carry 10 pounds. The claimant can walk/stand less than 1 hour uninterrupted, less than 4 hours in an 8 hour workday. The claimant can sit for about 6 hours in an 8 hour

---

[1] "Occasionally" means occurring from very little up to one-third of an eight-hour workday (cumulatively). "Frequently" means occurring one-third to two-thirds of an eight-hour workday. (Tr. 158.)

-4-

workday. The claimant is limited in the use of his lower extremities, he should never crawl. He is limited to occasional in the other postural's. He has the following environment limitations: temperature extremes, noise, dust, vibration, humidity/wetness, hazards, and fumes.

(Tr. 20.) The ALJ goes on to say that he "adopts the findings of Dr. Davis." (Tr. 23.) Clearly, there is no rejection of Dr. Davis's opinion, as the ALJ adopted Dr. Davis's findings and accorded them the appropriate weight. (Id.)

> B.  *Plaintiff claims the ALJ's decision failed to provide an adequate rationale for the rejection of the restrictions assessed by Dr. Davis.*

As discussed immediately above, the ALJ adopted the findings of Dr. Davis. Certainly, there is no need to provide a rationale for rejecting the doctor's findings when those findings were in fact expressly—and fully—accepted.

> C.  *Plaintiff claims the assumptions which the ALJ asked the Vocational Expert to consider did not accurately summarize the assessment by Dr. Davis, and the ALJ's decision inaccurately suggests the Vocational Expert cited jobs which are consistent with the restrictions assessed by Dr. Davis.*

Plaintiff's claim that the Vocational Expert cited jobs that are inconsistent with Plaintiff's condition relies primarily on the content of oral statements made by the ALJ during the administrative hearing. During the hearing, the ALJ said:

> Doctor, I want you to assume we have an individual who is between the ages of 38 years and 40 years of age.... Now I want you to assume this individual would be able to perform sedentary work with the following restrictions. He needs a sit/stand at will option, would be able to stand for no more than four hours in an eight hour day, one hour at a time, and he can sit up to six hours in an eight hour day.

(Tr. 440-41.) While Dr. Davis concluded in his report that the Plaintiff was limited to *less than* four total hours of standing/walking and *less than* one hour of uninterrupted standing/walking in every eight-hour day, the ALJ posed a hypothetical to the Vocational Expert involving an

-5-

individual who was limited to *no more than* four hours of standing/walking and one hour uninterrupted. (*Compare* Tr. 158, *with* Tr. 440-41.) This small variance in the hypothetical question the ALJ posed to the Vocational Expert was harmless error. By including in the question a requirement that the hypothetical individual have a sit/stand at will option (Tr. 441), the ALJ effectively cured any problem that might otherwise exist due to the "less than"/"no more than" discrepancy. The Vocational Expert's identification of sedentary jobs[2] such as information clerk, which allow an individual to alternate between sitting and standing at will, further renders this minor distinction harmless. Moreover, the Dictionary of Occupational Titles' description of a sedentary job includes a requirement of standing/walking for "*brief periods* of time" totaling up to 2.67 hours of an eight-hour day. Dictionary of Occupational Titles, Information Clerk, 237.367-022 (4th ed. 1991) (emphasis added). This should pose no obstacle to the Plaintiff's limitation of standing/walking for less than an hour at a time. Finally, the total standing/walking time of less than *three hours* in such jobs renders the *one-minute* variance between "less than"/"no more than" *four hours* not only insignificant, but also irrelevant.

> D. *The ALJ improperly rejected Plaintiff's credibility without good reason, and the decision to deny benefits is not supported by substantial evidence.*

During Plaintiff's testimony, he made the following claims: 1) after fifteen minutes of standing, he needed to lean on something or sit down; 2) he took roughly three naps per day, of varying lengths between thirty-five minutes and two hours; 3) he slept approximately six hours each night, and awoke feeling tired; and 4) he spent about three-quarters of the day in a reclined

---

[2]Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. 20 C.F.R. § 404.1567.

position. (Tr. 438-39.)

Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's credibility, noting that the judge failed to include these limitations in the hypothetical question posed to the Vocational Expert. (Tr. 440-41.) Additionally, when Plaintiff's counsel asked the Vocational Expert to assume the restrictions subjectively claimed by Plaintiff, the Vocational Expert concluded all work would be precluded. (Tr. 442.) As explained below, the Court finds that substantial evidence supports the ALJ's decision to reject Plaintiff's subjective complaints in determining that Plaintiff was capable of sedentary work.

When considering a claimant's allegations of pain, subjective complaints do not alone establish disability. 20 C.F.R. § 404.1529. On the contrary, medical signs and laboratory findings must demonstrate medical impairments that could be reasonably expected to produce the pain or symptoms alleged. Id.; S.S.R. 96-7p. However, a lack of such medical evidence is not sufficient to reject the claim outright; all relevant evidence must be considered. Felisky v. Bowen, 35 F.3d 1027 (6th Cir. 1994) (discussing, e.g., daily activities; location, frequency and intensity of pain; aggravating factors; medication; treatment; measures used to relieve pain). In communicating his finding regarding the individual's credibility, the ALJ must not simply make a "single, conclusory statement," but rather should provide "specific reasons" supported by the case record and must be "sufficiently specific to make clear to the individual and to any subsequent reviewers the weight . . . [given] to the individual's statements and the reasons for that weight." S.S.R. 96-7p.

Plaintiff alleges that the ALJ failed to meet these requirements. However, the Court finds that the ALJ provided a fairly extensive explanation for his conclusions. In discussing the factors

-7-

required by 20 C.F.R. § 404.1529(c), the ALJ noted Plaintiff's testimony regarding his habit of daily naps, his lack of knee pain when walking on a level surface, and the fact that he takes no pain medication. The ALJ also noted Plaintiff's ability to lose weight and significantly reduce his pain by exercising and monitoring his diet. As mentioned above, Plaintiff emphasizes that when the Vocational Expert assumed the restrictions Plaintiff's counsel described, he concluded all work would be precluded. (Doc. No. 26, at 4.) However, these restrictions included an assumption that Plaintiff *had* to take several naps during a day, as well as an assumption that the Plaintiff would *necessarily* be in a reclined position three-quarters of the waking hours. In reality, Plaintiff did not allege his daily naps were necessary to maintain a minimal level of activity; rather, he simply testified that he took, on average, three naps a day of varying length. (Tr. 438.) Nor did Plaintiff allege he must be in a reclined position for three-quarters of the day; in fact, he explicitly stated he did not have sitting restrictions. Id. In short, Plaintiff had a largely normal muscoloskeletal exam, does not suffer discomfort serious enough to warrant pain medication, and is able to ease his symptoms by improving his diet and exercising. Despite this, and based on the Plaintiff's complaints of fatigue, Dr. Davis and the ALJ determined Plaintiff was only capable of minimal, sedentary exertion. Since there is no medical evidence calling for a greater restriction on Plaintiff's activities—and Plaintiff's own testimony fails to establish his inability to perform the jobs suggested by the Vocational Expert—the ALJ's decision to weigh Plaintiff's credibility as he did is justified, and his reasoning is sufficient.

IV. CONCLUSION

The Court does not find merit in Plaintiff's objections because there is substantial

evidence in the record to support the ALJ's decision that Plaintiff is not disabled under 42 U.S.C. § 423(d)(1)(A). Therefore, Plaintiff's Motion is **DENIED**, Defendant's Motion is **GRANTED**, and the Court **ADOPTS** the Magistrate Judge's Report in its entirety. This Order terminates this Court's jurisdiction over this action and the case is **DISMISSED**.

It is so ORDERED.

Entered this the 24th day of May, 2010.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT